## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAMELA HARVEY,

      Plaintiff,

v.                                  Case No. 06-CV-11202-DT

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

### OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,
### ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
### GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,
### AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION

On February 9, 2007, Magistrate Judge Mona Majzoub issued a report and

recommendation in the above-captioned matter, recommending that the court grant

Defendant Commissioner of Social Security's motion for summary judgment and deny

Plaintiff Pamela Harvey's motion for summary judgment.  On February 19, 2007,

Plaintiff filed timely objections to the magistrate judge's report and recommendation.

Defendant Commissioner of Social Security filed its response on March 5, 2007.  The

court will deny Plaintiff's objections, adopt the report and recommendation, grant

Defendant's summary judgment motion, and deny Plaintiff's summary judgment motion.

### I.  STANDARD

### A. Substantial Evidence Standard

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are

conclusive if supported by substantial evidence.  When the Appeals Council declines

review, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per

curiam).  Judicial review when the Appeals Council declines to hear an appeal of the

denial of benefits is limited to the record and evidence before the ALJ.  *Cotton v.*

*Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).  Thus, in this case, the court's review of the

ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by

substantial evidence and whether [he] employed the proper legal standards in reaching

[his] conclusion."  *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681

(6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the

ALJ's evaluation of the facts.  The court must uphold the ALJ's finding if supported by

substantial evidence.  "Substantial evidence is more than a scintilla of evidence but less

than a preponderance and is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Brainard*, 889 F.2d at 681.  "Substantial

evidence exists when a reasonable mind could accept the evidence as adequate to

support the challenged conclusion, even if that evidence could support a decision the

other way."  *Casey*, 987 F.2d at 1233.  Moreover, the court bases its review on the

entire record, not just what the ALJ cited.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d

528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on

the record as a whole. Both the court of appeals and the district court may look to any

evidence in the record, regardless of whether it has been cited by the Appeals

Council.").

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo*

determination of those portions of the report or specified findings or recommendations

to which objection is made."  28 U.S.C. § 636(b)(1).  *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . .  [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

3

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

Plaintiff timely filed a document called "Objection to Recommendation and Report."[1]  Plaintiff objects to the report and recommendation because she claims that the magistrate judge (1) made an adverse finding regarding Plaintiff's credibility without providing reasons for that credibility determination and (2) did not give proper weight to Drs. Weiner and Black's opinions regarding "Plaintiff's claim of disability from pain and the side effects of medication," considering that these doctors were her treating physicians.  (Pl.'s Obj. at 4, 8.)

### A.  Credibility Determination

As an initial matter, many of Plaintiff's "objections" relate to the ALJ's credibility findings rather than the magistrate judge's review of that assessment.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection"

---

[1] The Commissioner argues that Plaintiff's objections exceed the allotted page limit, and requests the court to "strictly enforce" the local rules.  (Def.'s Resp. at 1-2.) To support the argument, the Commissioner cites Eastern District of Michigan Local Rule 7.1, which restricts reply briefs to five pages, but the Commissioner misunderstands the Rule. The local rules of this district neither limit the length of objections nor define objections as "replies."  Furthermore, the report and recommendation itself restricts only the *response* to objections to a five page limit (although this court regularly permits such responses of a length and complexity commensurate with the scope of the objections). The R&R is silent regarding page limits for objections.  (R&R at 24.)  The length of Plaintiff's eight-page objection does not violate any local rule.

4

as that term is used in this context and serves to undermine the purpose of the Federal

Magistrates Act.  *See Howard*, 932 F.2d at 509.  Nonetheless, the court will treat

Plaintiff's objection as one challenging the magistrate judge's review of the ALJ's

credibility determinations, and will address it below.  Despite Plaintiff's "objection," the

court finds that the ALJ's credibility determination was supported by substantial

evidence.

The court first finds that the magistrate judge properly applied the correct

standards in reviewing the ALJ's determination.  The magistrate judge correctly cited

*Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997), for the

rule that although an ALJ's credibility determination must be supported by substantial

evidence, an ALJ may properly make a credibility determination in evaluating subjective

complaints of pain, and "[d]iscounting credibility to a certain degree is appropriate where

an ALJ finds contradictions among the medical reports, claimant's testimony, and other

evidence."  (R&R at 20.)

Moreover, this court will not set aside the ALJ's credibility determination without a

compelling reason.  "Since the ALJ has the opportunity to observe the demeanor of a

witness, his conclusions with respect to credibility should not be discarded lightly and

should be accorded deference."  *Casey,* 987 F.2d at 1234 (quoting *Hardaway v. Sec'y

of Health and Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987)); *see also Myers v.

Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) (emphasizing that the fact-finder in a

social security benefits case, not the court, is charged with passing upon the credibility

of witnesses and weighing evidence).  Rather, the court's review "is limited to

determining whether the [ALJ's] findings are supported by substantial evidence and

whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard*, 889 F.2d at 681 (citation omitted).

Plaintiff has not presented the court with a convincing argument to disregard ALJ's conclusion that "claimant's allegations of the intensity, persistence, and functionally limiting effects of her symptoms are not fully substantiated by the objective medical or other evidence." (A.R. at 30.) Specifically, the ALJ found that Plaintiff was able to frequently lift 10 pounds, occasionally lift 20 pounds, could stand/walk for 4 hours in an 8-hour workday, and could sit for at least 6 hours in an 8-hour workday, and discredited Plaintiff's testimony that her pain, fatigue, and her inability to focus would preclude her from working. (A.R. at 30, 508.)

The magistrate judge found the ALJ's conclusion to be supported by substantial evidence because "opinion evidence from physical therapists, Dr. Landau, and a medical expert stated that Plaintiff had the functional capacity to perform work greater than that to which Plaintiff testified," and "clinical findings also showed that Plaintiff generally had good motor strength, intact sensations, and a normal gait." (R&R at 20.) At a February 10, 2003 hearing before the ALJ, Plaintiff testified that she could only lift up to 5 pounds, sit or stand for up to 45 minutes, walk one-half of a block, and that she had problems holding a pencil or picking up coins from a tabletop. (A.R. at 503-05.) Plaintiff's physical therapist, however, concluded that Plaintiff was able to lift up to 30 pounds, that her sitting, standing and walking tolerance should allow her to alternate between these positions for 67-100% of the workday, and that she had normal hand dexterity. (A.R. at 329-30.) Dr. Landau agreed with these findings and "recommended vocational counseling and rehabilitation for retraining with the above restrictions kept in

6

mind." (A.R. at 414.) A state agency medical expert similarly found that Plaintiff could lift up to 20 pounds occasionally, sit for about 6 hours in an 8-hour workday, stand and/or walk for a total of 4 hours in an 8-hour workday, and that Plaintiff had no manipulative limitations. (A.R. at 429, 431.) Additionally, Plaintiff herself testified that she was "starting to crochet." (A.R. at 518.)

The magistrate judge also concluded that "the veracity of Plaintiff's subjective complaints was questioned in 2000 when it was noted that Plaintiff tended to self-limit herself functionally and that her subjective complaints were not always consistent with the clinical findings." (R&R at 20; A.R. at 326-27.) The court finds that both Plaintiff's documented self-limiting behavior and inconsistencies between Plaintiff's functional self-evaluation and the objective medical evidence support the magistrate judge's adverse credibility determination and the conclusion that Plaintiff's complaints of pain, fatigue and an inability to concentrate were properly discounted in determining Plaintiff's residual functioning capacity.

### B. Treating Physician Rule

Plaintiff also contends that both the ALJ and the magistrate judge erred by not giving "substantial, if not controlling weight" to Dr. Black and Dr. Weiner's opinions that Plaintiff was permanently disabled and unable to perform any job because of Plaintiff's pain, fatigue and inability to concentrate. (Pl.'s Obj. at 8.) The magistrate judge correctly stated the law that the opinions of treating physicians are entitled to substantial weight. (R&R at 17 (quoting *Walters*, 127 F.3d at 529-30).) What Plaintiff fails to acknowledge, and what the magistrate judge understood, is that the opinion of a treating physician must be based on sufficient medical data, and the ALJ may reject an

opinion when not supported by objective medical evidence. *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990) (*citing Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)).

The magistrate judge discounted Dr. Weiner's opinion that Plaintiff's "chronic pain from [muscle and nerve damage] does not allow her to stand or sit for more than one hour and again must [sic] lie down," (A.R. at 443), because Dr. Weiner himself stated that he had "not evaluated or prognosticated the cause for her pain, and [he was] simply involved in providing adjustment of her medications for her underlying pain" (A.R. at 440).  Dr. Weiner's opinion was therefore based on Plaintiff's own subjective complaints of pain,[2] and an ALJ may "properly consider[ ] the Claimant's credibility in deciding how much deference to give Claimant's subjective complaints made to his treating physician.

Treating physicians' opinions are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Chandler v. Comm'r of Soc. Sec.*, 124 F. App'x 355, 358 (6th Cir. 2005) (*citing Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994)).  Moreover, it is debatable whether Dr. Weiner actually stated that Plaintiff's medications rendered her "unable to focus or remain on task," and that she "needs to rest up to 6-8 hours per day," or whether Dr. Weiner was simply indicating the possible side effects of Plaintiff's

---

[2] Plaintiff claims that Dr. Weiner's opinion was "supported by those of Dr. Landau, Plaintiff's surgeon."  (Obj. at 7.)  While Dr. Landau's reports support Plaintiff's complaints of pain generally, (A.R. at 464), and he noted that her pain "is minimally relieved with bedrest," (A.R. at 466), Dr. Landau never opined that Plaintiff's pain required her to lie down frequently during the day.

8

medications.  (A.R. at 443.)[3]  And Dr. Weiner qualified his opinion that Plaintiff "in all likelihood will not be able to work due to her underlying chronic pain" by clarifying that his "clinical involvement has been simply in providing adequate pain relief," and "if there is a question of the patient's capabilities regarding her work status this will need to be addressed by her original neurosurgeon, or attending physician."  (A.R. at 440.)

Dr. Black, Dr. Weiner's partner, saw Plaintiff only a few times and primarily provided conclusory statements that Plaintiff was permanently disabled and unable to work.  (A.R. at 444, 459.)  An ALJ need not "give any special significance to the source of an opinion on issues reserved to the Commissioner," which includes the "decision about whether [a claimant] meet[s] the statutory definition of disability."  20 C.F.R. § 404.1527(e).  Accordingly, the ALJ properly determined that Dr. Weiner and Dr. Black's conclusions that Plaintiff was permanently disabled were not entitled to special significance.  (A.R. at 443-44.)

The court agrees with the magistrate judge that, in this case, the ALJ's weighing of the medical reports was supported by substantial evidence.  As detailed by the magistrate judge, the ALJ properly rejected those opinions which were unclear, inconsistent, based on Plaintiff's subjective complaints instead of specific clinical

---

[3] Dr. Weiner's October 15, 2002 note states as follows:

She is on several medications which cause side effects including the following:

    1. unable to focus or remain on task
    2. needs to rest up to 6-8 hours per day.

(A.R. at 443.)

findings, or given on issues reserved to the Commissioner.  Plaintiff's objection is therefore denied.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 19] are DENIED and the magistrate judge's February 9, 2007 report and recommendation [Dkt. # 18] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 16] is GRANTED and Plaintiff's motion for summary judgment  [Dkt. # 10] is DENIED.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2007, by electronic and/or ordinary mail.

   s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\06-11202.HARVEY.AdoptSocSecR&R.wpd